# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2831 | **DATE** | 12/6/2001 |
| **CASE TITLE** | SOUTH SHORE IMPORTS vs. JANICE HOLMES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 12/18/01 at 9:00 a.m. Enter Memorandum Opinion And Order. Defendants' motion to dismiss is denied [18-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 7 2001 | |
| | Notified counsel by telephone. | | date docketed | 23 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 DEC -6 PM 5:40 | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION



DEC 7 - 2001

| | |
|---|---|
| SOUTH SHORE IMPORTS, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| JANICE HOLMES, | )<br>) DEC 7 2001 |
| Defendant. | ) No. 01 C 2831<br>) |
| | ) Judge John W. Darrah |
| JANICE HOLMES, | )<br>) |
| Counter-plaintiff, | )<br>) |
| v. | )<br>) |
| DENNIS WILLIAMS d/b/a SOUTH SHORE<br>IMPORTS, MICHELLE ROBINSON, POLICE<br>OFFICER MOORE, POLICE OFFICER KAUFMAN<br>INDIVIDUALLY, AND THE CITY OF CHICAGO, | )<br>)<br>)<br>)<br>) |
| Counter-defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, South Shore Imports (South Shore), filed a breach of contract suit against defendant, Janice Holmes (Holmes) for alleged unpaid vehicle repairs. Holmes filed a counter-claim, alleging a breach of contract claim, a consumer and deceptive practices claim, and a Chicago Automobile Repair Ordinance Violation claim against Dennis Williams (Williams) d/b/a/ South Shore, a malicious prosecution claim against Michelle Robinson (Robinson) and Williams, and false arrest/false imprisonment and violation of 42 U.S.C. § 1983 claim against Police Officers Moore and Kaufman and the City of Chicago. Presently pending before the

23

Court is the police officers and the City of Chicago's (collectively the defendants) Motion to Dismiss.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir.2000). Dismissal is warranted only if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A reading of the counter-claim supports the following summary of the alleged conduct of the parties.

On July 11, 2000, Holmes brought her 1987 BMW 325.I to Williams for the engine to be replaced. Holmes prepaid South Shore $1,281 for the repairs, and Williams promised Holmes that her vehicle would be ready for delivery in two weeks. On July 26, 2000, Williams informed Holmes that he had received and installed the wrong engine and that he required an additional two weeks to locate and install the correct engine.

On July 11, 2000, Holmes returned to Williams to retrieve her vehicle. At that time, Williams informed her that she needed a new transmission and that Williams had already removed her original transmission. Holmes believed that her original transmission was perfectly functional and instructed Williams to reinstall the original transmission. Williams subsequently installed a rebuilt transmission into Holmes' vehicle.

Holmes returned to South Shore on September 27, 2000, and Williams insisted that she owed $515 for a replacement transmission. Holmes denied that she authorized the repair. In addition, the vehicle was damaged while in Williams' possession. Williams returned the vehicle

to Holmes. While Holmes drove the vehicle home, Williams and others followed her home. When Holmes arrived at her home, she phoned the Chicago Police to report vandalism to her car while it was in Williams' possession. The police officer on the telephone stated that Holmes' car was reported stolen and instructed her to report to the 22nd District, Monteray Station "to straighten out the incident".

At the police station, the defendant police officers conducted an investigation in which they interviewed both Williams and Holmes. At the interview, Holmes informed the officers of the events as stated above. Agents for Williams stated that the transmission work was authorized by Holmes and produced a repair authorization allegedly signed by Holmes. Holmes alleges this document was forged.

The police officers informed Holmes that she must pay the disputed $515 or face imprisonment. Holmes refused to pay the disputed money, and the officers took Holmes into custody.

While waiting for transportation to another jail facility, Lt. Edwards saw her crying and asked the arresting police officers about the situation. The officers recited the facts, and Lt. Edwards released Holmes.

Defendants first argue that the counts against them should be dismissed because the arresting officers had probable cause to arrest Holmes.

State law claims of false arrest and false imprisonment, as well as section 1983 and federal false arrest claims, are barred if the arresting officers establish they had probable cause to arrest the plaintiff. *See Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir.1993), *Kincaid v. Ames Dept. Stores, Inc.*, 283 Ill. App. 3d 1103, 1109 (1996).

3

Probable cause is defined as facts and circumstances "sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). Probable cause requires more than a bare suspicion, but it need not be based on evidence showing that a police officer's belief is more likely true than false or be based on evidence sufficient to support a conviction. *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2001) (*Woods*). Identification or a report from a single, credible eyewitness may provide sufficient basis for probable cause. *Woods*, 234 F.3d at 996. If "a reasonably credible witness or victim informs the police that someone has committed, or is committing, a crime, the officers have probable cause to place the alleged culprit under arrest..." *Jenkins v. Keating*, 147 F.3d 577, 585 (7th Cir. 1998) (*Jenkins*). Furthermore, a police officer does not have a constitutional obligation to conduct any further investigation before making an arrest if that officer received information from a reasonably credible victim or eyewitness that is sufficient to supply probable cause. *Woods*, 234 F.3d at 997.

Here, defendants contend that Holmes' pleadings demonstrate that the police officers had probable cause to arrest Holmes based on the report that the car was stolen, the information received by the police officers from Williams, and the signed authorization form.

Reviewing the inferences reasonably drawn from the complaint in the light most favorable to Holmes, a finding of probable cause as a matter of law cannot be made at this stage of the litigation. Holmes may be able to demonstrate that Moore and Kaufman should not have relied upon Williams' allegations and alleged authorization form because Williams was not a reasonably credible witness or victim. *See Jenkins*, 147 F.3d at 585. If the evidence ultimately demonstrates that Moore and Kaufman were reasonable in their reliance on the allegations by

4

Williams and the authorization form, they will prevail. However, Holmes is entitled to an opportunity to offer evidence that the officers' reliance on these facts was not reasonable, and as such, probable cause was lacking. *See Pasiewicz v. Lake County Forest Preserve Dist.*, 81 F.Supp.2d 890, 893 (N.D.Ill. 1999) (*Pasiewicz*) (denying motion to dismiss because contestable factual questions prevented the court from determining probable cause existed as a matter of law).

Defendants also argue that Count V should be dismissed because the police officers are entitled to qualified immunity.

Qualified immunity protects a police officer from suit if a reasonable police officer would have believed that the arrest was lawful, in light of the clearly established law and the information known to the police officer at the time of the arrest. *Marks v. Carmody*, 234 F.3d 1006, 1009 (7th Cir. 2000) (*Marks*). Qualified immunity exists even if the police officer is mistaken, protecting all police officers except "the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryan*, 502 U.S. 224, 229 (1991).

For the same reasons as stated above, it cannot be determined at this stage of litigation that Holmes is unable to demonstrate that no reasonable police officer would have relied upon the information relied upon by Moore and Kaufman. Therefore, any determination of qualified immunity would be premature. *See Pasiewicz*, 81 F.Supp.2d at 893 (denying motion to dismiss based on qualified immunity because plaintiff may be able to demonstrate that no reasonable

5

officer would have relied upon the information relied upon by the police officers).

For the reasons stated above, defendants' Motion to Dismiss is denied.

Dated: December 6, 2001

JOHN W. DARRAH
United States District Judge